# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                Case No. 8:95-CR-311-T-30TGW

EZELL GILBERT,

    Defendant.
_____/

## ORDER

This matter is before the Court on the Court's *sua sponte* motion pursuant to 18 U.S.C. § 3582(c) to modify Defendant's term of imprisonment based on Amendment 706 to the United States Sentencing Guidelines, which reduced the offense levels for cocaine base. The Court instructed Defendant's counsel and the Government to file responses regarding Defendant's eligibility and suitability for a sentence reduction (See Dkt. 97). The Government has filed a response in which it asserts that Defendant is not entitled to a reduction in his sentence, and that the Court is without authority to reduce his sentence (Dkt. 104). Defendant's counsel has filed a response in which he asserts that Defendant is entitled to a sentence reduction (Dkt. 105).

It would appear that if Defendant's arguments, *infra*, are correct, his amended guideline range would be reduced to 130 to 162 months. Furthermore, considering Defendant has already served 155 months, if the Court were to grant the motion and reduce

Defendant's sentence, the Defendant may be entitled to immediate release from incarceration. However, after a review of the parties' responses and the applicable law, the Court determines that although Defendant's arguments are persuasive and compelling, the Court is nonetheless constrained by the current law from granting Defendant the relief he seeks.

**Procedural History**

On December 1, 1995, Defendant was charged by a two-count Indictment with possession with intent to distribute 67 grams of crack cocaine, and possession with intent to distribute 111 grams of marijuana (Dkt. 1). On March 4, 1996, Defendant pleaded guilty to both counts (Dkt. 25). On March 26, 1997, Defendant was sentenced to 292 months imprisonment as to Count One, and 120 months imprisonment as to Count 2, with both terms to run concurrently[1] (Dkt. 45). Defendant's base offense level of 32 was calculated pursuant to U.S.S.G. § 2D1.1 (Pre-Sentence Report ["PSR"] ¶ 16). Defendant, however, was classified as a career offender under U.S.S.G. § 4B1.1 based on prior convictions for possessing with intent to sell 10 grams of crack cocaine, and carrying a concealed firearm (PSR ¶ 24). As a career offender, Defendant was assigned an offense level of 37, and his criminal history was enhanced to category VI (PSR ¶ 27). Defendant received a two-level reduction for acceptance of responsibility, resulting in a total adjusted offense level of 35 (PSR ¶ 22).

---

[1] Defendant was also sentenced to 4 years supervised release as to Counts 1 and 2, with both to run concurrent (Dkt. 45).

Defendant appealed his sentence. On appeal, Defendant argued that he was inappropriately categorized as a career offender because carrying a concealed firearm was not an offense that would qualify as a crime of violence under the career offender provisions of the guidelines. The Eleventh Circuit Court of Appeals affirmed Defendant's sentence and held that carrying a concealed firearm was a crime of violence for career offender purposes. *U.S. v. Gilbert*, 138 F.3d 1371 (11th Cir. 1998). Defendant's petition for writ of certiorari to the United States Supreme Court was denied. *U.S. v. Gilbert*, 526 U.S. 1111 (1999).

On September 10, 1999, Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. 63). On October 15, 2001, Defendant filed an amended § 2255 motion (Dkt. 64). On July 25, 2003, the Court denied Defendant's amended § 2255 motion on the merits (Dkt. 84). Defendant's motion for a certificate of appealability of the Court's decision denying his amended § 2255 motion was denied by both the Court and the Eleventh Circuit (Dkts. 93-94).

On November 1, 2007, the United States Sentencing Commission ("Commission") published Amendment 706 which provides a two-level reduction in base offense levels for crack cocaine offenses. The Commission made Amendment 706 retroactively applicable, effective as of March 3, 2008. On August 26, 2008, the Court rendered, *sua sponte*, its order directing the parties to file responses regarding Defendant's eligibility and suitability for a sentence reduction pursuant to Amendment 706.

**Discussion**

3

**Analysis under 18 U.S.C. § 3582(c)(2)**

§ 3582(c) provides in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that--
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

The Government argues that Defendant is not eligible for relief because he was sentenced as a career offender, and therefore Amendment 706 has no effect on his guideline range. The Government further argues that because Amendment 706 did not alter the sentencing ranges for career offenders, the Court does not have authority to reduce Defendant's sentence pursuant to § 3582.

Defendant asserts that *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), held that the crime of carrying a concealed firearm is not a crime of violence for purposes of the career offender enhancement. Therefore, Defendant argues, he cannot be considered a career offender after *Archer*, and Amendment 706, therefore, would reduce the base offense level and have the effect of lowering his guideline range.

In this action, Amendment 706 reduces Defendant's base offense level, but it does not

4

have the effect of lowering the applicable sentencing guideline range because the career offender guideline, not the crack guideline, was applied at sentencing. Defendant's base offense level under U.S.S.G. § 2D1.1 played no role in the calculation of his guideline range for sentencing. Therefore, the Court does not have authority under 18 U.S.C. § 3582 to grant Defendant a sentence reduction. *See, United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008)("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence.").

Furthermore, to the extent that Defendant argues that *United States v. Archer* entitles him to a sentence reduction, *Archer* does not provide a jurisdictional basis for § 3582 relief. *See United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005)(explaining that all original sentence determinations remain unchanged in a § 3582(c)(2) proceeding except for the amended guideline range).

**28 U.S.C. § 2255**

The Court lacks authority to grant Defendant relief pursuant to 18 U.S.C. § 3582(c), and it also appears that the Court lacks jurisdiction at this time to grant relief to Defendant pursuant to 28 U.S.C. § 2255. Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 which the Court denied on July 25, 2003 (Dkt. 84). Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *In re Blackshire*, 98 F.3d 1293,

1293 (11th Cir. 1996). Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997). Because Defendant filed a previous § 2255 motion which was denied, and he has not obtained permission from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion, the Court is without jurisdiction to entertain his motion as a § 2255 motion.[2]

**28 U.S.C. § 2241**

The Court is also constrained by law from construing Defendant's motion as a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2241. Federal prisoners may file § 2241 petitions to collaterally attack the manner in which their convictions or sentences are executed. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). The provision of § 2255 known as the "savings clause" permits a federal prisoner, under very limited circumstances, to file a habeas petition pursuant to § 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added). The burden to show that § 2255 relief would be

---

[2]The Court is also aware of the fact that Defendant may not be entitled to file a second or successive § 2255 motion raising his argument that in light of the decisions in *Archer* and *Begay v. United States*, 128 S. Ct. 1581 (2008) he is not a career offender, until the rule of law in *Begay* is made retroactive by the Supreme Court. *See* 28 U.S.C. § 2255(h)("A second or successive motion must be certified as provided in section 2244 [28 USCS § 2244] by a panel of the appropriate court of appeals to contain...(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.").

6

ineffective is on the petitioner. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).[3]

Restrictions on § 2255 motions, standing alone, do not render § 2255 "inadequate or ineffective" within the meaning of the savings clause. *See Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005); *Wofford v. Scott*, 177 F.3d 1236, 1237 (11th Cir. 1998). The savings clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense;"[4] and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." *Id*. Defendant must satisfy all three criteria in order to avail himself of the § 2241 remedy under *Wofford*, a burden Defendant cannot carry.

Because Defendant attacks the validity of his underlying sentence, not the manner in which it is being executed, he cannot state a claim for § 2241 habeas relief or show that the remedy available under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Accordingly, the Court cannot construe Defendant's motion as a petition for federal habeas relief pursuant to 28 U.S.C. § 2241.

**Rule 60(b)**

Finally, the Court has considered whether it may grant Defendant relief[5] pursuant to

---

[3] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

[4] Defendant does not maintain that he was convicted of a "nonexistent offense."

[5] Relief would be granted from the order denying his initial § 2255 motion (See Dkt. 84).

7

Fed. R. Civ. P., Rule 60 (b).[6] Defendant may not, however, obtain relief pursuant to 60(b) because it would impermissibly circumvent the preclusion against second or successive § 2255 motions. Pursuant to *Gonzalez v. Crosby*, 545 U.S. 524 (2005), a Rule 60(b) motion is proper if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez* recognized that a Rule 60 motion cannot be used to circumvent the preclusion against second or successive motions:

> A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U.S.C. § 2254 Rule 11. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction--even claims couched in the language of a true Rule 60(b) motion-circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1) 's prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). *Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent §*

---

[6]60(b) states:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

8

> *2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."* In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

*Gonzalez v. Crosby*, 545 U.S. 531-2 (emphasis added). Defendant's § 2255 motion was denied based on the merits (See Dkt. 84). Defendant's current motion does not attack the integrity of the federal proceedings regarding his § 2255 motion, but instead raises a new claim based on a purported change in the substantive law. Accordingly, pursuant to *Gonzalez*, Defendant may not utilize Rule 60 to obtain relief. *See, Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)("AEDPA's successive-petition rules apply to Rule 60(b) motions seeking relief from a judgment denying § 2255 relief.").

**Conclusion**

Unfortunately, Mr. Gilbert is in the unenviable position of having to remain in prison even though under the present interpretation of the law he is no longer deemed a career offender and has served the time that would be required of him were he sentenced today. Salt to the wound is that he legally challenged the very issue that now incarcerates him - but lost. It is faint justice to tell him now that he was right but there is no legal remedy.

Having exhausted all avenues known to the Court, the Court determines that at this time it is unable to provide relief to Mr. Gilbert under the law as it currently exists.

ACCORDINGLY, for the reasons stated above, the Court **ORDERS** that

Defendant's response/motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) is **DENIED** (Dkt. 105).

**DONE** and **ORDERED** in Tampa, Florida on January 21, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies to: Counsel of Record