# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

EZELL GILBERT,

    Petitioner,

vs.

Case No. 8:99-CV-2054-T-30TGW
Crim Case No. 8:95-CR-311-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner's Motion to Reopen and Amend First 28 U.S.C. § 2255 Motion (hereinafter "motion to reopen")(CV Dkt. 12). Respondent has filed a response to Petitioner's motion to reopen (CV Dkt. 16), and Petitioner has filed a reply to Petitioner's response (CV Dkt. 20). After a review of the foregoing and the applicable law, the Court finds that Petitioner's motion to reopen must be DENIED.

**Procedural History**

On December 1, 1995, Petitioner was charged by a two-count Indictment with possession with intent to distribute 67 grams of crack cocaine, and possession with intent to distribute 111 grams of marijuana (CR Dkt. 1). On March 4, 1996, Petitioner pled guilty to both counts (CR Dkt. 25). On March 26, 1997, Petitioner was sentenced to 292 months imprisonment as to Count One, and 120 months imprisonment as to Count 2, with both terms to run concurrently[1] (CR Dkt. 45). Petitioner's base offense level of 32 was calculated pursuant to U.S.S.G. § 2D1.1 (Pre-Sentence

---

[1] Petitioner was also sentenced to 4 years supervised release as to Counts 1 and 2, with both to run concurrent (Dkt. 45).

Report ["PSR"] ¶ 16). Petitioner, however, was classified as a career offender under U.S.S.G. § 4B1.1 based on prior convictions for possessing with intent to sell 10 grams of crack cocaine, and carrying a concealed firearm (PSR ¶ 24). As a career offender, Petitioner was assigned an offense level of 37, and his criminal history was enhanced to category VI (PSR ¶ 27). Petitioner received a two-level reduction for acceptance of responsibility, resulting in a total adjusted offense level of 35 (PSR ¶ 22).

Petitioner appealed his sentence. On appeal, Petitioner argued that he was inappropriately categorized as a career offender because carrying a concealed firearm was not an offense that would qualify as a crime of violence under the career offender provisions of the guidelines. The Eleventh Circuit Court of Appeals affirmed Petitioner's sentence and held that carrying a concealed firearm was a crime of violence for career offender purposes. *U.S. v. Gilbert*, 138 F.3d 1371 (11th Cir. 1998). Petitioner's petition for writ of certiorari to the United States Supreme Court was denied. *U.S. v. Gilbert*, 526 U.S. 1111 (1999).

On September 10, 1999, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1). On October 15, 2001, Petitioner filed an amended § 2255 motion (CR Dkt. 64). On July 25, 2003, the Court denied Petitioner's amended § 2255 motion on the merits (CV Dkt. 7). Petitioner's motion for a certificate of appealability of the Court's decision denying his amended § 2255 motion was denied by both the Court and the Eleventh Circuit (CR Dkts. 93-94).

On November 1, 2007, the United States Sentencing Commission ("Commission") published Amendment 706 which provides a two-level reduction in base offense levels for crack cocaine offenses. The Commission made Amendment 706 retroactively applicable, effective as of March

3, 2008. On August 26, 2008, the Court rendered, *sua sponte*, its order directing the parties to file responses regarding Petitioner's eligibility and suitability for a sentence reduction pursuant to Amendment 706. On January 21, 2009, the Court denied the motion for reduction of sentence (CR Dkt. 107).

On January 28, 2009, Petitioner filed his motion to reopen (CV Dkt. 12). On March 2, 2009, Respondent filed a response to Petitioner's motion to reopen (CV Dkt. 16). Finally, on March 20, 2009, Petitioner filed a reply to Respondent's response (CV Dkt. 20).

## Discussion

**Rule 60(b)**

In his motion to reopen, Petitioner essentially argues that pursuant to Fed. R. Civ. P., Rule 60 (b)(5) and (b)(6), the Court may reopen his § 2255 action, then subsequently allow him to amend his § 2255 motion.[2] Petitioner may not, however, obtain relief pursuant to 60(b) because it would impermissibly circumvent the preclusion against second or successive § 2255 motions. Pursuant to *Gonzalez v. Crosby*, 545 U.S. 524 (2005), a Rule 60(b) motion is proper if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity

---

[2] 60(b) states:

Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

3

of the federal habeas proceedings." *Id*. at 538. *Gonzalez* recognized that a Rule 60 motion cannot be used to circumvent the preclusion against second or successive motions:

> A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute. 28 U.S.C. § 2254 Rule 11. Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction--even claims couched in the language of a true Rule 60(b) motion-circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1) 's prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). *Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."* In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

*Gonzalez v. Crosby*, 545 U.S. 531-32 (emphasis added).

Petitioner's § 2255 motion was denied on the merits (See CV Dkt. 7). Petitioner argues that his claim that he was erroneously sentenced as a career offender because, pursuant to *Begay v. United States*, 128 S.Ct. 1581 (2008) and *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008), his prior conviction of carrying a concealed firearm is not an offense that qualifies as a crime of violence, should be viewed as a "procedural amendment with, hopefully, substantive success." (CV Dkt. at pg. 10). The Court disagrees. Petitioner's motion to reopen does not attack the integrity of the federal proceedings regarding his § 2255 motion, but instead clearly raises a new claim based on a purported change in the substantive law, i.e., *Begay* and *Archer*. "A Rule 60(b) motion containing one or more 'claims' for relief, i.e., 'an asserted federal basis for relief from a . . .

4

judgment of conviction,' is in substance a successive petition, or at least sufficiently similar to one to be treated accordingly." *United States v. Footman*, 2007 U.S. Dist. LEXIS 41136 at *4 (N.D. Fla. May 21, 2007)(quoting *Gonzalez*, 545 U.S. at 530-31). Although labeled a Rule 60(b) motion, Petitioner's motion to reopen is in substance a successive § 2255 motion and must be treated as such. Accordingly, pursuant to *Gonzalez*, Petitioner may not utilize Rule 60(b) to obtain relief. *See, Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)("AEDPA's successive-petition rules apply to Rule 60(b) motions seeking relief from a judgment denying § 2255 relief."). [3]

**28 U.S.C. § 2255**

Because Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which the Court denied on July 25, 2003 (CV Dkt. 7), the Court lacks jurisdiction at this time to grant relief to Petitioner pursuant to 28 U.S.C. § 2255. Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must obtain an order from the appropriate court of appeals, authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *In re Blackshire*, 98 F.3d 1293, 1293 (11th Cir. 1996). Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997). Because Petitioner filed a previous § 2255 motion which was denied, and he has not obtained permission from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion, the Court is without jurisdiction to entertain his motion to reopen as a § 2255 motion.

---

[3] Because Petitioner is precluded from reopening his § 2255 motion under Rule 60(b), it is unnecessary to address whether his *Begay/Archer* claim relates back to his timely § 2255 motion.

**28 U.S.C. § 2241**

Petitioner asserts, in the alternative, that the Court may construe his motion to reopen as a petition brought pursuant to 28 U.S.C. § 2241. The Court disagrees.

Typically, a federal prisoner must collaterally attack the validity of a federal conviction or sentence through a motion under § 2255. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944-45 (11th Cir. 2005)(per curiam). Under limited circumstances, however, § 2255 allows a federal prisoner to file a habeas petition pursuant to § 2241. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). The provision of § 2255 known as the "savings clause" permits a federal prisoner, under very limited circumstances, to file a habeas petition pursuant to § 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added). The burden to show that § 2255 relief would be ineffective is on the Petitioner. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).[4]

Restrictions on § 2255 motions, standing alone, do not render § 2255 "inadequate or ineffective" within the meaning of the savings clause. *See Darby v. Hawk-Sawyer*, 405 F.3d at 945; *Wofford v. Scott*, 177 F.3d 1236, 1237 (11th Cir. 1998). The savings clause only

---

[4]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense;" and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." *Wofford*, 177 F.3d at 1244. Petitioner must satisfy all three criteria in order to avail himself of the § 2241 remedy under *Wofford*, a burden Petitioner cannot carry.

Petitioner argues that his federal sentence was erroneously enhanced when this Court inappropriately categorized him as a career offender based on a prior conviction of carrying a concealed firearm. Petitioner argues that in light of *Begay* and *Archer*, he is actually innocent of his status as a career offender because *Begay* and *Archer* establish that Petitioner's conviction of carrying a concealed firearm is not an offense that would qualify as a crime of violence under the career offender provision of the guidelines.

Even if *Begay* and *Archer* apply to Petitioner's prior conviction of carrying a concealed firearm, Petitioner cannot meet the second prong of the *Wofford* test. *Begay* and *Archer* do not render "non-existent" the offense for which Petitioner was convicted, carrying a concealed firearm. Instead, Petitioner merely argues that his sentence was erroneously enhanced by that conviction. *See, Smith v. United States*, 263 Fed. Appx. 853, 856-57 (11th Cir. 2008)(unpublished opinion). Because Petitioner fails to meet the second prong of the *Wofford* test, he is not able to proceed under § 2255's savings clause, and he cannot use a § 2241 petition to circumvent the requirement of § 2255. *Id.* at 857. Accordingly, the Court cannot construe Petitioner's motion to reopen as a petition for federal habeas relief pursuant

7

to 28 U.S.C. § 2241.

**28 U.S.C. § 1631**

Petitioner requests that if the Court denies his motion to reopen and amend his § 2255 motion that, pursuant to 28 U.S.C. § 1631,[5] this Court transfer his motion to reopen to the Eleventh Circuit Court of Appeals for certification under § 2255(h). As noted, *supra*, Petitioner's motion to reopen is in substance a successive § 2255 motion, and Petitioner must obtain an order from the Eleventh Circuit Court of Appeals authorizing this Court to consider the motion. It would appear that the interests of justice favor granting Petitioner relief from his sentence. Accordingly, Petitioner's motion to reopen shall be transferred to the Eleventh Circuit Court of Appeals for consideration as an application for an order authorizing this Court to consider a second or successive application for relief under 28 U.S.C. § 2255.

ACCORDINGLY, for the reasons stated above, the Court **ORDERS** that:

1. Petitioner's Motion to Reopen and Amend First 28 U.S.C. § 2255 Motion (CV Dkt. 12) is **DENIED, in part,** to the extent Petitioner requests the Court to reopen and amend his § 2255 motion to vacate, and to the extent Petitioner requests the Court to construe his Motion to Reopen and Amend First 28 U.S.C. § 2255 Motion as a petition pursuant to 28

---

[5]28 U.S.C. § 1631 provides:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

U.S.C. § 2241. The motion is **GRANTED, in part,** to the extent Petitioner requests the Court to transfer Petitioner's motion to the United States Court of Appeals for the Eleventh Circuit pursuant to 28 U.S.C. § 1631.

2. The **Clerk of the Court** shall transfer Petitioner's Motion to Reopen and Amend First 28 U.S.C. § 2255 Motion (CV Dkt. 12) to the United States Court of Appeals for the Eleventh Circuit for consideration as an application for an order authorizing this Court to consider a second or successive application for relief under 28 U.S.C. § 2255.

**DONE** and **ORDERED** in Tampa, Florida on April 13, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies to:
Counsel/Parties of Record