UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE No. 8:95-CR-311-T-30TGW

EZELL GILBERT

_____

ORDER

THIS CAUSE came on for consideration upon the Defendant's Motion for Bond Pending Certiorari and Request for Hearing (Doc. 132).

The defendant requests that he remain on bond pending resolution of his proposed petition for writ of certiorari directed to the Eleventh Circuit's decision, on rehearing *en banc*, rejecting his use of a habeas corpus petition to correct the calculation of his 292-month sentence (id.). See Gilbert v. United States, 2011 WL 1885674 (11th Cir. 2011). As the motion acknowledges, the Court of Appeals, in footnote 22, stated that the previous panel's order releasing the defendant from prison, "is rescinded immediately on the date this opinion is issued," which was May 19, 2011. Gilbert v. United States, supra, at n.22. The clear import of the Court's footnote is that the defendant be "immediately" taken into custody for service

of his remaining sentence. In light of the Court of Appeal's express directive, release of the defendant on bail is clearly inappropriate and unwarranted.

Furthermore, the defendant's contention that the decision on his appeal is one of first impression (Doc. 132, p. 10) is directly contradicted by the Court of Appeal's decision. Thus, the Court of Appeals stated:

> Every circuit to decide this issue has reached the same conclusion we do: the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h). Not one circuit has held to the contrary.

Gilbert v. United States, supra, at *17. This case is, therefore, not one of first impression. Moreover, in the absence of inter-circuit conflict, it is doubtful the Supreme Court would grant certiorari in this matter.

In addition, this case does not clearly show "exceptional reasons" under 18 U.S.C. 3145(c) as a basis for finding detention inappropriate (Doc. 132, p. 10). Thus, the Court's opinion strongly indicated that, even if the defendant were resentenced, there is no reason to think that the new sentence would be less than the time he has already served, plus any

additional time that it takes for the Supreme Court to resolve his petition for certiorari. See Gilbert v. United States, supra, at **9-10. Consequently, this case does not provide the exceptional circumstances required by 18 U.S.C. 3145(c) for release on bail.

It is, therefore, upon consideration

ORDERED:

That the Defendant's Motion for Bond Pending Certiorari and Request for Hearing (Doc. 132) be, and the same is hereby, **DENIED**.

DONE and ORDERED at Tampa, Florida, this 24th day of May, 2011.

*[signature]*

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE